UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIGILANT INSURANCE COMPANY : <br> a/s/o WHDH-TV :    CIVIL ACTION <br> 15 Mountainview Road : <br> Warren, NJ 07059 :    NO. <br> : <br>              Plaintiff, :    JURY TRIAL DEMANDED <br> : <br> v. : <br> : <br> ACCELERATED MEDIA TECHNOLOGIES, INC.: <br> 19 Technology Drive : <br> Auburn, MA 01501 : <br> : <br>              Defendant. : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Vigilant Insurance Company ("Vigilant"), is an New York corporation with its principal place of business located at 15 Mountainview Road, Warren, New Jersey 07059, which is authorized to and did transact its insurance business in this judicial district.

2. Defendant, Accelerated Media Technologies, Inc. ("Accelerated "), is a Massachusetts corporation with its principal place of business located at 19 Technology Drive, Auburn, MA 01501, which regularly and systematically engaged in its general contracting business in this judicial district.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant 28 U.S.C. § 1332.  The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. At all times material hereto, WHDH-TV was the owner of a television communication vehicle, which consisted of a box that contained the communication equipment and the truck/van body known as the chassis.

6. At all times material hereto, Vigilant provided property insurance to the WHDH-TV.

7. At all times material hereto, defendant Accelerated acted by and through its respective employees, agents, servants and workmen, each of whom was working in the course of his employment and within the scope of his authority, subject to the control and direction and for the benefit of his employer.

8. In or about February and March of 2010, WHDH-TV hired and contracted with defendant Accelerated for Accelerated to mount the box on a new chassis.

9. For valuable consideration, Accelerated did mount the box to a new chassis.

10. On or about January 29, 2013, the box separated from the chassis causing damage and destruction to the chassis, the box and the communication equipment in and on the box.

11. Pursuant to the policy of insurance between WHDH-TV and Vigilant, Vigilant has made payments to WHDH-TV for sums in excess of $100,000.00 and plans to make payments in the future.

12. Vigilant is subrogated to the extent of all payments made or to be made in the future to the rights of WHDH-TV against all persons, companies and entities responsible for damages.

## COUNT I
## PLAINTIFF v. DEFENDANT ACCELERATED MEDIA TECHNOLOGIES, INC.
### (NEGLIGENCE)

13. Plaintiff hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

14. The damage to the box and chassis was caused proximately by the negligence and carelessness of Accelerated including, but not limited to the following:

   a) improperly designing, installing, and otherwise working on the mounting system so as to make and render the mounting system in a defective and in an unreasonably dangerous condition;

   b) failing to properly design and install the mounting system;

   c) improperly designing and constructing the mounting system;

   d) failing to properly install the mounting box to the chassis;

   e) otherwise failing to exercise reasonable care under the circumstances.

WHEREFORE, plaintiff demands judgment in its favor against defendant, Accelerated, together with interest and costs of this action.

### COUNT II
### PLAINTIFF V. ACCELERATED MEDIA TECHNOLOGIES, INC.
### (BREACH OF CONTRACT/WARRANTY)

15. Plaintiff incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

16. Defendant Accelerated expressly and impliedly warranted that the goods and materials furnished and that all work done by them would be of good quality, merchantable and would be free from faults and defects.

17. Specifically, defendant Accelerated warranted its parts and materials and labor for five years from the time of the work in 2010.

18. Defendant Accelerated breached its express and implied warranties that all work would be performed in a good and workmanlike manner and that all materials and goods would be of good quality free from faults and defects and would be merchantable.

4

19. The foregoing breaches of warranties by defendant proximately caused the separation of the box from the chassis and the resulting damages for which said defendant is liable for breach of warranty.

WHEREFORE, plaintiff demands judgment in its favor against defendant, Accelerated, together with interest and costs of this action.

                    LAW OFFICES OF PATRICK J. LOFTUS, III

                    BY   /s/ Patrick J. Loftus II
                    PATRICK J. LOFTUS, III, ESQUIRE
                    9 Park Street
                    Suite 500
                    Boston, MA 02108
                    (617) 723-7770

Attorney for Plaintiff